MEMORANDUM **
Tony Ray Winn, an Oregon state prisoner, appeals pro se from the district court’s summary judgment in his 42 U.S.C. § 1983 action alleging violations of the Eighth and Fourteenth Amendments, and denial of access to courts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Toguchi v. Chung, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.
The district court properly granted summary judgment on Winn’s access to courts claim because he did not offer evidence of “actual injury.” Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (explaining that “actual injury” is “actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.”) (internal quotation omitted).
*732 The district court properly granted summary judgment on Winn’s Eighth Amendment claim because Winn failed to raise a triable issue as to whether the treatment of his fractured finger and his hip and back pain constituted deliberate indifference. See Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir.2002) (explaining that prison officials manifest a deliberate indifference to a prisoner’s medical needs when they intentionally deny, delay or interfere with medical treatment); Toguchi, 391 F.3d at 1059-60 (concluding that a difference of opinion concerning the appropriate course of treatment generally does not amount to deliberate indifference).
To the extent Winn raised claims regarding conditions of confinement and due process violations, the district court properly granted summary judgment because Winn did not provide any evidence to support his claims. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (“A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data.”).
The district court properly granted summary judgment in favor of defendant Superintendent' Blacketter because Winn failed to present any evidence supporting his claim that she violated his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) (holding that state official is liable under § 1983 only “if he does an affirmative act, participates in another’s affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation” of a constitutional right) (emphasis in original).
After the district court granted summary judgment, it properly denied Winn’s pending motions as moot.
Winn’s remaining contentions, including those regarding judicial bias, are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.